No. 36,627

THE SALVATION ARMY, Incorporated, *Appellee,* v. GRACE McNAMARA (et al.), *Appellant.*

(176 P. 2d 265)

Opinion filed January 25, 1947.

*Grace McNamara,* of Los Angeles, Cal., was on the briefs *pro se.*

*Richard B. Stevens* and *John W. Brand,* both of Lawrence, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to quiet title to real estate. Plaintiff prevailed and the defendant, Grace McNamara, appeals.

Before considering the appeal on its merits we are confronted with a preliminary matter. It is appellee's motion to dismiss the appeal on the ground appellant's abstract fails to comply with the rules of this court in that it is interlineated with argumentative features. The motion is not without merit but appellant's appearance is *in propria persona* and we prefer to treat the appeal on its merits.

The appeal is only from the final judgment of the court quieting title to the land in question and barring appellants, Grace McNamara and Grace M. McNamara, each a single person, from asserting any right, title, claim, lien or interest therein. The pertinent facts presented by the record are, in substance:

Service by publication on the appellant, a resident of California, was had and approved; appellant received the necessary notice August 3, 1945; the answer day was September 15, 1945; she made application for an extension of time to plead; although she had no counsel to represent her on the hearing of. the application and did not appear in person, an extension of twenty days was granted and the clerk of the court notified her thereof; on October 3 appellant filed her answer; on November 29 the clerk wrote appellant the action was set for trial December 15; on December 6 appellant filed a motion to take her deposition stating, among other things, that it would be presented to the court at 10:00 a. m. December 12, and that she would be unable to appear for the trial in person; to the motion were attached interrogatories; appellant appeared neither in person nor by her counsel to present the motion; on December 7 she filed her sworn affidavit in the form of an application for continuance of the trial; neither she nor her counsel appeared to present that motion; the action was tried December 15, was taken under advisement for judgment, and on January 5, 1946, was continued for judgment until February 4, 1946; the trial judge wrote appellant on January 15, 1946, fully notifying her concerning the status of the case and that no judgment would be rendered on February 4, 1946, if she would arrange for some appearance on her behalf on or before that date; names of two local attorneys were suggested to her who the trial court believed might be willing to undertake her defense; in that letter appellant was further advised if no formal action were taken by her judgment would be rendered on February 4, 1946, quieting the title to the land in plaintiff; instead of appearing in person or obtaining counsel for that hearing appellant wrote the trial judge lengthy letters on January 24 and January 31; on February 4, 1946, the trial judge rendered judgment quieting the title as prayed for by appellee and on February 6 wrote appellant advising her under what statute she might perfect an appeal to this court.

It will serve no useful purpose to narrate further details contained in the various letters written by appellant to the clerk and to the

trial judge involving this litigation. Appellant was fully informed that neither the clerk nor the trial judge was permitted to advise her concerning her substantial rights or relative to procedural steps to be employed to properly make her defense. Appellant received the most courteous and patient treatment at the hands of the trial court. She recognized and expressed that fact in her letters but failed to follow his valuable advice concerning the employment of counsel. She made no appearance in her own behalf. As previously stated the appeal is not from any intermediate orders but only from the final judgment.

The journal entry of judgment does contain an ill-advised recital concerning a consideration of evidence "including the deposition of the defendant." Appellee concedes the quoted phrase was inadvertent. Although that recital was not an accurate statement of fact, since no completed deposition was finally filed, the recital does not vitiate the judgment. The journal entry of judgment discloses the trial court heard and considered the evidence and that being fully advised in the premises rendered judgment pursuant to plaintiff's petition. No reversible error appears in the judgment rendered and it must be affirmed. It is so ordered.

THIELE, J., not participating.